**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

| | | |
|---|---|---|
| **KARI D. SPECK,** | ) | |
| **# 490340,** | ) | |
| | ) | |
| **Petitioner,** | ) | **No. 2:18-cv-00009** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **v.** | ) | |
| | ) | |
| **WARDEN GLORIA GROSS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION**

Kari D. Speck, an inmate of the Tennessee Prison for Women in Nashville, Tennessee, has filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging her 2011 conviction and sentencing for second degree murder and aggravated robbery. (Doc. No. 1 at 1). The Petitioner has filed a motion to appoint counsel (Doc. No. 3) and a motion for an evidentiary hearing (Doc. No. 7).

**I.      Introduction**

On June 16, 2011, the Petitioner pled guilty to one count of second-degree murder and to aggravated robbery. (Doc. No. 1); State v. Speck, No. M2016-00254-CCA-R3-CD, 2016 WL 4199204, at *1 (Tenn. Crim. App. Aug. 8, 2016). The Petitioner was sentenced as a Range I, standard offender and received concurrent sentences of thirty years and twelve years, respectively. Id. The "special conditions" box on the judgment form for the second degree murder conviction states, "Defendant has agreed to plea outside of the range of punishment." Id. According to the plea agreement, both sentences were to be served at 100%; however, the judgment from the aggravated robbery conviction reflects a release eligibility of 30%.  Id.

On April 10, 2012, the Petitioner, through counsel, filed a petition for post-conviction relief in the Criminal Court of Putnam County. (Doc. No. 1 at 3). In June of 2012, the Petitioner's counsel advised her to withdraw her petition for post-conviction relief, assuring the Petitioner that "she would be re-indicted on original charges." (Id. at 4, 11). According to the petition, counsel did not provide "any further advice as to her options as to what she could pursue for relief in her sentencing." (Id. at 11).

On January 4, 2016, the Petitioner filed a motion to correct an illegal sentence, alleging that the second-degree murder sentence is illegal because it is outside the range for a standard offender convicted of a Class A felony. Id. Additionally, the Petitioner alleged that the aggravated robbery sentence was illegal because it is not a violent offense requiring 100% service. Id. The trial court denied the motion, and the Petitioner filed a timely appeal. Id. The Tennessee Court of Criminal Appeals affirmed, finding that the Petitioner failed to state a colorable claim that her sentences are illegal. Id. at *2. The Tennessee Supreme Court denied the application for discretionary review. Id. (Tenn. Aug. 8, 2016).

On January 12, 2018, the petitioner placed in the prison mail system her pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1 at 13). The Petitioner also has filed a motion to appoint counsel (Doc. No. 3) and a motion for an evidentiary hearing (Doc. No. 7).

## II.     Motion to Appoint Counsel

In support of her request for the appointment of counsel, the Petitioner states that she is unable to afford counsel, her imprisonment "will greatly limit her ability to litigate," the issues in her case are complex, she has limited access to the law library and limited knowledge of the law,

and counsel "would better enable Petitioner to present evidence and cross examine witnesses" at trial. (Doc. No. 3 at 1).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing Willett favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). When deciding whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved. Id. at 606.

The Petitioner's circumstances of proceeding pro se and indigent are typical to many prisoners and do not suggest anything exceptional in nature. Murray v. Giarratano, 492 U.S. 1, 7 (1989) (pro se litigant); Richmond v. Settles, 450 Fed. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); Debow v. Bell, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). The Petitioner does not allege that she suffers from any mental defects or physical disabilities that would limit her ability to prosecute his case. The Petitioner has submitted a twenty-four page petition and various motions acting pro se in which she clearly communicates her ideas. Finally, although the Petitioner alleges that her imprisonment "will greatly limit her ability to litigate," the issues in her case are complex, she has

limited access to the law library and limited knowledge of the law, and counsel "would better enable Petitioner to present evidence and cross examine witnesses" at trial (Doc. No. 3 at 1), at this stage of the proceedings, the Court finds that the Petitioner's circumstances are not exceptional such that the appointment of counsel is necessary at this time. The Petitioner's motion seeking the appointment of counsel (Doc. No. 3), therefore, will be denied. However, should the Petitioner believe that her circumstances have changed such that the appointment of counsel is necessary at a later time, the Court will entertain a second motion for the appointment of counsel.

### III.   Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." Id.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, inter alia, at 28 U.S.C. §§ 2244, et seq.), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

However, the AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Ege v. Yukins, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is

counted against the one-year limitations period. See Bennett v. Artuz, 199 F.3d 116, 122 (2nd Cir. 1999), aff'd, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. See Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004)(citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003)).

In addition, it is axiomatic that one may not seek federal habeas corpus relief until she has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). Therefore, any alleged constitutional deprivation must be asserted through the state appellate process before a petitioner seeks habeas corpus relief in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. The burden is on the petitioner to demonstrate compliance with the exhaustion

requirement or that the state procedure would be futile. <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

**IV.     Preliminary Review of Petition**

In this case, the Court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals at least two potential deficiencies with Ms. Specks' § 2254 petition: failure to exhaust state court remedies and untimeliness.

     **A.     Failure to exhaust**

Based on the record before the Court, it appears that Petitioner has not met her burden of establishing that she exhausted all available state court remedies prior to seeking habeas corpus relief in this Court.  The Petitioner did not file a direct appeal of her conviction and sentence, and she withdrew her post-conviction petition for relief before the state courts had an opportunity to consider the petition. Given the absence of a claim that state court remedies are futile or unavailable, it appears that the Petitioner has failed to exhaust her state court remedies prior to filing this action. Consequently, the instant federal habeas petition is subject to dismissal without prejudice until the Petitioner properly exhausts her state court remedies.  <u>Rose</u>, 455 U.S. at 522.

     **B.     Untimeliness**

The Court has the authority to sua sponte raise the statute of limitations and dismiss untimely motions for federal habeas corpus relief.  <u>See</u> <u>Day v. McDounough</u>, 547 U.S. 198, 209 (2006). Assuming for purposes of this preliminary review[1] that the Petitioner was sentenced on the date she entered her guilty plea, the date on which the Petitioner's judgment became final by conclusion of

---

[1]The current record does not include the date of the Petitioner's sentencing.

direct review was July 17, 2011,[2] the conclusion of the 30 day period within which the Petitioner had to file a direct appeal under Tennessee law.  See Tenn. R. App. P. 4(a).  The Petitioner did not complete her attempt to seek state post-conviction relief; thus, the AEDPA's one-year limitations period was not tolled by "a properly filed application for State post-conviction or other collateral review."   Thus, the Petitioner had until July 12, 2012, to file her petition for habeas corpus relief.

The instant petition was placed into the prison mail system on January 12, 2018.  (Doc. No. 1 at 13).   From the record before the court, it is apparent  that  the Petitioner filed her petition for relief under § 2254 **over five years** beyond the AEDPA's one-year limitations period.  In other words, the petition is untimely.

The Petitioner acknowledges that her petition was untimely filed in violation of the one-year statute of limitations set forth by the AEDPA.  (Doc. No. 1 at 11-12).  In the "Timeliness of Petition" section of her § 2254 petition, she requests tolling of the AEDPA one-year limitations period due to her attorney's advice to withdraw her petition for post-conviction relief and her attorney's failure to otherwise advise her how to proceed.  (Id.)

The one-year statute of limitations in AEDPA is not jurisdictional and is  subject to equitable tolling.  See Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L.Ed.2d 130 (2010).  The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003) (citing Graham–Humphreys v. Memphis Brooks Museum of Art, 209 F.3d 552, 560–61 (6th Cir. 2000)). The Petitioner bears the burden of showing that she is entitled to equitable tolling.  McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir.

---

[2]See Fed. R. Civ. P. 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, June 16, 2011, is excluded).

2003). Here, because the Petitioner contends that she is entitled to equitable tolling, the Court finds that it is not appropriate to dismiss the petition on preliminary review.

## V. Conclusion

As set forth above, the Petitioner's motion for the appointment of counsel (Doc. No. 3) will be denied. After conducting a preliminary review of the Petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the Petitioner failed to exhaust all available state court remedies before filing her petition. In addition, the Petitioner filed her petition well beyond the AEDPA's one-year limitations period. However, the Court finds that it is not appropriate to dismiss the petition sua sponte at this time.

Instead, the Court will order the Respondent to respond to the petition and to the Petitioner's equitable tolling argument. In addition, the Respondent shall address the Petitioner's apparent failure to exhaust state court remedies. The Petitioner's motion for evidentiary hearing (Doc. No. 7) will be denied as premature and without prejudice to refile at the appropriate time.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE